## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

THOMAS KOOLEN,  )
      Plaintiff,  )
  )
  )
    v.  )          C. A. No. 12-121M
  )
TOWN OF WARREN,  )
RHODE ISLAND,  )
      Defendant.  )
  )

## MEMORANDUM & ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

This matter is before the Court on Defendant Town of Warren's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Plaintiff Thomas P. Koolen filed an objection. (ECF No. 7.) After a review of the pleadings, exhibits, and the relevant substantive and procedural law, the Court GRANTS Defendant Town of Warren's Motion to Dismiss and GRANTS Mr. Koolen a thirty day leave to amend his complaint.[1]

### I.    FACTS ALLEGED IN THE COMPLAINT

Plaintiff Thomas P. Koolen brings this lawsuit against the Town of Warren, Rhode Island (Town of Warren). Mr. Koolen owns One Libby Lane in Warren, which is bounded by the Kickemuit River in Narragansett Bay, and keeps boats on his property that he states are

---

[1] Mr. Koolen also filed a Motion for Preliminary Injunction (ECF No. 3), and the Town of Warren filed an objection (ECF No. 13). In light of the Court's decision granting the Town of Warren's Motion to Dismiss, Mr. Koolen's Motion for Preliminary Injunction is DENIED as moot.

"incidental" to the boat business he owns, known as Capt. Tom Boat Transport. (ECF No. 1 at 1.)  In his *pro se* complaint, Mr. Koolen alleges that since 2010 he has attempted to obtain a business permit from the Town of Warren so he could store boats on his property, but each time he applies the Town of Warren sends back his application and check.   (ECF No. 1-1.) Additionally, Mr. Koolen alleges that the Town of Warren has been engaged in conduct intended to deprive him of his right to use and enjoy his property since 2010.  (ECF No. 1 at 2-3.) Moreover, Mr. Koolen alleges that he was served with an Order (ECF No. 3-1) from the Town of Warren, without a hearing or opportunity to present his case, which gives the Town of Warren "the right to enter onto his property and interfere with his use and enjoyment without due process, just cause, or lawful means and without a hearing." (ECF No. 1 at 2.)

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts as true the factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff.  *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008) (citation omitted); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (citations omitted). To withstand a motion to dismiss, "a complaint must allege 'a plausible entitlement to relief.'" *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 58 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-48 (1957)). "Therefore, the Court must deny a motion to dismiss if the allegations of the complaint permit relief to be granted on any theory, even one not expressly stated therein." *O'Neil v. Q.L.C.R.I.,*

*Inc.*, 750 F. Supp. 551, 553 (D.R.I. 1990) (citing *Adams v. Bell*, 711 F.2d 161, 187 (D.C.Cir. 1983). These "minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real - and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." *Gooley*, 851 F.2d at 514. "[A] plaintiff . . . is . . . required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Id.* at 515.

Because Mr. Koolen has filed this complaint *pro se*, the Court will view his pleadings liberally. The Court is "solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, [the Court] hold[s] pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158-159 (1st Cir. 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000); *Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000).

## III.   LEGAL ANALYSIS

In Counts I and II of his complaint, Mr. Koolen asserts claims against the Town of Warren for due process violations, violations under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, as well as violations of Article I, §§ 2, 6, and 10 of the Rhode Island Constitution. (ECF No. 1 at 2-3.) Additionally, in Count III, Mr. Koolen asserts an invasion of privacy claim against the Town of Warren in violation of R.I. Gen. Laws § 9-1-2(a)(1). *Id.* at 3. Finally, in Count IV, Mr. Koolen asserts a trespass claim against the Town of Warren in violation of Rhode Island law. *Id.*

The Town of Warren argues in its Motion to Dismiss that each Count must fail because the complaint lacks sufficient facts to show that Mr. Koolen has a plausible entitlement to relief. (ECF No. 6-1 at 2-5.)

## A. CONSTITUTIONAL CLAIMS

In Counts I and II, Mr. Koolen asserts a violation of due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, additional violations under the Fourth and Fourteenth Amendments, as well as violations of Article I, §§ 2, 6, and 10 of the Rhode Island Constitution.[2] (ECF No. 1 at 2-3.) Mr. Koolen filed these claims under 42 U.S.C. § 1983, which imposes liability on a person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (2006). Thus, to state a claim under § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a federal right. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). Mr. Koolen's complaint does not contain facts to support these elements. While Mr. Koolen does allege that he is being deprived of his right to due process, and his right to "the security and privacy of his home," Mr. Koolen does not allege any facts to show that the Town of Warren did anything to deprive him of either of those rights. All that is stated in his complaint is that "the Defendants [sic] will after February 22, 2012 interfere with the personal contractual and property rights of the Plaintiff . . .

---

[2] Because the violations of R.I. Const. art. I, §§ 2, 6, and 10 are identical to violations under the Fourteenth, Fourth, and Sixth Amendments of the U.S. Const., the Court analyzed the Complaint for this Motion under 42 U.S.C. § 1983, over which it has subject matter jurisdiction. *See State v. Barkmeyer,* 949 A.2d 984, 1014 (R.I. 2008); *Tomaiolo v. Mallinoff,* 281 F.3d 1, 11 (1st Cir. 2002); *State v. Taylor,* 621 A.2d 1252, 1254 (R.I. 1993); *Kleczek v. Rhode Island Interscholastic League,* 612 A.2d 734, 740 (R.I. 1992).

4

in violation of his due process rights," and "the Defendants [sic] intend and have taken steps to enable them to violate the Plaintiffs [sic] rights to the security and privacy of his home . . . ." (ECF No. 1 at 2.)  Consequently, because Mr. Koolen's complaint lacks sufficient facts to plausibly demonstrate that the Town of Warren's conduct deprived him of any federal right, and thus cannot support a cause of action under 42 U.S.C. § 1983, the Town of Warren's Motion to Dismiss these claims is GRANTED.

## B. INVASION OF PRIVACY CLAIM

Additionally, in Count III, Mr. Koolen alleges that the Town of Warren violated R.I. Gen. Laws § 9-1-28(a)(1) by invading his "personal seclusion and solitude" in August 2010 and intends to do so again after February 22, 2012.  (ECF No. 1 at 3.)  Section 9-1-28(a)(1) enumerates the first privacy right guaranteed under Rhode Island law, which is one's "right to be secured from unreasonable intrusion upon one's physical solitude or seclusion."  § 9-1-28(a)(1) (2012).  In order to establish a cause of action under § 9-1-28(a)(1), a plaintiff needs to show that there was an intrusion by the defendant, that the intrusion "was an invasion of something that is entitled to be private or would be expected to be private," and that "the invasion was or is offensive or objectionable to a reasonable man."  *Id.; See also Liu v. Striuli*, 36 F. Supp. 2d 452, 479 (D.R.I. 1999); *DaPonte v. Ocean State Job Lot, Inc.*, 21 A.3d 248, 251-53 (R.I. 2011).  Mr. Koolen provided no facts in his complaint that could plausibly establish that the Town of Warren ever intruded on anything of Mr. Koolen's that was entitled to be private or expected to be private.  (ECF No. 1 at 3.)  In fact, in his complaint Mr. Koolen does not allege the Town of Warren engaged in any conduct that could be considered an intrusion.  *See id.*  Consequently, because Mr. Koolen failed to allege sufficient facts to set forth a plausible claim under § 9-1-28(a)(1), the Court GRANTS the Town of Warren's Motion to Dismiss this claim.

## C. TRESPASS CLAIM

Finally, in Count IV, Mr. Koolen alleges that the Town of Warren trespassed on his property in violation of Rhode Island law. (ECF No. 1 at 3.) In Rhode Island, a party claiming trespass must show (1) the adverse party intentionally entered onto the owner's property; and (2) plaintiff had rightful possession of such property. *See Goat Island S. Condo. Ass'n, Inc. v. IDC Clambakes, Inc.*, 382 B.R. 178, 179 (D.R.I. 2008); *Smith v. Hart*, No. 99–109, 2005 WL 374350, *5 (R.I. Sup. Ct. 2005) (citing *State v. Verrecchia*, 766 A.2d 377, 382–83 (R.I. 2001)). Although Mr. Koolen alleges that he did have rightful possession of his property, he provides no facts supporting the allegation that the Town of Warren intentionally entered onto that property. (ECF No. 1.) All that is alleged in the complaint is the legal conclusion that "Defendants on numerous occasions in 2010 and in 2011 and intend after February 22, 2012 to trespass on Plaintiffs [sic] premises." *Id.* at 3. Consequently, because Mr. Koolen does not provide sufficient facts to support a plausible entitlement to relief under his claim of trespass, the Town of Warren's Motion to Dismiss this claim is GRANTED.

## IV.   CONCLUSION

For the reasons stated above, Defendant Town of Warren's Motion to Dismiss the Complaint is GRANTED. This Court will grant Mr. Koolen thirty days leave to amend the complaint. In light of the Court's decision granting the Town of Warren's Motion to Dismiss, Mr. Koolen's Motion for Preliminary Injunction is DENIED as moot.

IT IS SO ORDERED:

John J. McConnell, Jr.
United States District Judge

July 3, 2012