UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS KOOLEN,
    Plaintiff,

v.

TOWN OF WARREN,
RHODE ISLAND,
    Defendant.

C. A. No. 12-121M

## MEMORANDUM & ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Before the Court is Defendant Town of Warren's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 41.) Plaintiff Thomas P. Koolen filed an objection. (ECF No. 43.) After a review of the briefing, statement of undisputed facts, and the relevant substantive and procedural law, and after conducting a hearing on the motion, the Court GRANTS Defendant Town of Warren's Motion for Summary Judgment and dismisses this case because Mr. Koolen fails to establish any valid claim – constitutional, statutory or common law – against the Town of Warren.

### I.    TRAVEL

Mr. Koolen initiated a lawsuit *pro se* against the Town of Warren, Rhode Island ("Town") alleging violations under 42 U.S.C. § 1983 and Rhode Island law. (ECF No. 1.) The initial complaint was dismissed (ECF No. 14) but Mr. Koolen was permitted to amend. His First Amended Complaint (ECF No. 15) was subject to a Motion to Dismiss (ECF No. 17) and Mr. Koolen again sought permission to amend. The Court granted his request and Mr. Koolen filed a Second Amended Complaint ("Complaint"), which is the operative document and brings the

claims against the Town and Town "servants or agents including but not limited to the Harbormaster Matthew Calouro, and [Warren Police] Officer Bryant Olivier and Lieut. Brule." (ECF No. 21.)[1]

In the Complaint, Mr. Koolen claims that the Town and its employees removed his boats in violation of his due process and equal protection rights. Specifically, Mr. Koolen claims violations of his right to liberty and property under the Fourth, Fifth, and Fourteenth Amendments, a civil conspiracy in violation of 42 U.S.C. § 1983 and § 1985, respondeat superior, invasion of privacy, trespass, and conversion. Depositions and written discovery ensued and, at its conclusion, the Town filed the instant Motion for Summary Judgment. (ECF No. 41.)

## II.   FACTS

The undisputed facts on the developed record are as follows. Mr. Koolen in 2006 purchased property at 1-4 Libby Lane in Warren, which is bounded by the Kickemuit River in Narragansett Bay, with the intention to develop the property into condominiums and to create a private docking facility for his boats. (ECF No. 21 at 1.) He kept eight boats on the property from 2006 through 2009 without complaint from the Town. (*Id.*)

In August 2010, Mr. Koolen was issued a summons by the Town citing violations of a series of town ordinances and state codes: the Junk Ordinance (Warren Town Code, Chap. 9, Art. IV), Unsafe Buildings Ordinance (Warren Town Code, Chap. 4, Art. II, Div. 1, § 4-31), the Parking and Storage of Vehicles in Residence District Ordinance (Warren Zoning Ordinance, Chap. 32, Art XV, § 32-90), Exterior Property Areas (2010 R.I. State Property Maintenance Code, § 302), and the Rubbish and Garbage Ordinance (2010 R.I. State Property Maintenance

---

[1] The Complaint does not name any individuals as defendants in its caption, only the Town, but it does state "Town of Warren, its servants and agents" and lists the individuals on page 5.

2

Code, § 308). (ECF No. 21-1 at 2.) It does not appear from the record that any action was taken on this summons.

In the spring and summer of 2011, Mr. Koolen installed a marina in the form of forty to fifty sections of floating docks on his property without obtaining approval from the Town or permits from the state Coastal Resource Management Council (CRMC). (ECF No. 41-1 at 4, 5.) He moored three boats, the Bon Moyage, Reliance, and Endurance, to the docks. (ECF No. 41-1 at 4.) In July 2011, the CRMC ordered Mr. Koolen to remove the docks, but he failed to do so. (ECF No. 41-1 at 5.) The CRMC then sued Mr. Koolen in Rhode Island Superior Court, which ultimately ordered him to remove the docks. (*Id.*) He refused, and the R.I. Superior Court found him to be in contempt, fined him, and put him in jail for a period of time. (*Id.*)

Before the state court took action, the Town determined that the three boats were not moored safely. (*Id.*) On November 17, 2011, the Town Harbormaster sent Mr. Koolen a notice by certified mail to remove the boats, giving him ten days to remove them. (*Id.*) On November 21, 2011, the Harbormaster affixed a notice of removal to the boats. (ECF No. 41-1 at 6.) Mr. Koolen did not comply with the Town's notice or the state court order though he claims that he made arrangements for the boats to be removed after the first of the year. (*Id.*)

On December 28, 2011, after some inclement weather, one of the docks and one of the boats, the Bon Moyage, broke anchor and ran aground. (*Id.*) The Harbormaster observed that all three vessels were loose and floating freely. (ECF No. 41-1 at 7.) The police attempted unsuccessfully to contact Mr. Koolen and ultimately decided to have two marine salvage companies tow the boats. (*Id.*) Thereafter, Mr. Koolen arrived on the scene and boarded one of the boats although the police present on the scene advised him against doing so. (*Id.*) The police were on property adjacent to Mr. Koolen's property owned by the Warren Housing Authority.

(ECF No. 41-1 at 8.) The marine savage companies towed the three boats and stored them at off-site marinas. (ECF No. 41-1 at 7.) Mr. Koolen has refused to pay the marina's towing and storage fees. (ECF No. 41-1 at 8.)

These facts gave rise to Mr. Koolen filing this action asserting constitutional and statutory rights violations. (ECF No. 1, 15, 21.) The Town moves for summary judgment, arguing that the Town is protected by municipality immunity. (ECF No. 41-1.) Alternatively, the Town moves for dismissal on the merits if the Court finds that Mr. Koolen brought the Complaint against certain Town employees as individuals. (*Id.*)

### III. STANDARD OF REVIEW

"Granting summary judgment is appropriate if the moving party 'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Ophthalmic Surgeons, Ltd. v. Paychex, Inc.*, 632 F.3d 31, 35 (1st Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "Once the moving party avers the absence of genuine issues of material fact, the nonmovant must show that a factual dispute does exist, but summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation." *Ingram v. Brink's, Inc.*, 414 F.3d 222, 228-29 (1st Cir. 2005). "In the summary judgment context, 'genuine' has been construed to mean 'that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.' Similarly, a fact is 'material' if it is 'one that might affect the outcome of the suit under the governing law.'" *Enica v. Principi*, 544 F.3d 328, 336 (1st Cir. 2008) (citations omitted). The Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in her favor. *Wilson v. Moulison N. Corp.*, 639 F.3d 1, 6 (1st Cir. 2011).

Federal Rule of Civil Procedure Rule 56 "requires the parties to submit admissible evidence in supporting and opposing motions for summary judgment." *Feliciano v. Rhode Island*, 160 F.3d 780, 787 (1st Cir. 1998). A summary judgment motion cannot be defeated by "conclusory allegations, improbable inferences, acrimonious invective, or rank speculation." *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010). Evidence that "is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." *Noviello v. City of Boston*, 398 F.3d 76, 84 (1st Cir. 2005) (internal quotation marks and citation omitted).

## IV. ANALYSIS

This is a suit against the Town of Warren. Even if the Court were to construe the pleadings to include claims against individual defendants (though Mr. Koolen never served any individuals with a summons and complaint), such claims would be claims against the Town because, if Mr. Koolen sued them at all, he did so in their official capacities. Mr. Koolen did not name the Harbormaster and two police officers in their individual capacities, but as "servants and agents" of the Town. In fact, he concedes in his opposition memorandum that he intends to sue these individuals in their official capacities. (ECF No. 43 at 8.) Because a suit against a Town employee in his/her official capacity is a suit against the Town itself, Mr. Koolen's claims are against the Town itself. Mr. Koolen's claims therefore are against the Town only. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

As grounds for its Motion for Summary Judgment, the Town raises immunity under municipal liability as established in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Alternatively, it argues that the Court should grant its motion because Mr. Koolen has failed to raise any disputed issues of material fact on any of his claims and the Town is entitled

5

to relief as a matter of law. Because the United States Supreme Court's decision in *Monell* squarely applies to the facts of this case, the Court need not look to the alternative argument to grant the Town's motion on the federal constitutional claims brought against it.

A municipality cannot be held liable for damages for the acts of individual municipal employees on a theory of respondeat superior. *Fletcher v. Town of Clinton*, 196 F.3d 41, 55 (1st Cir. 1999) (citing *Monell*, 436 U.S. at 691). However, a municipality is not entirely immune from damages in a § 1983 action.

> A plaintiff seeking damages against the municipality must show that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers" or is "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."

*Id.* Therefore, "a municipality may be liable under § 1983 where a custom or practice is so 'well-settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice.'" *Bisbal-Ramos v. City of Mayaguez*, 467 F.3d 16, 23-24 (1st Cir. 2006) (quoting *Silva v. Worden*, 130 F.3d 26, 31 (1st Cir. 1997)); *see also Monell*, 436 U.S. at 694; *Walden v. City of Providence*, 596 F.3d 38, 57-58 (1st Cir. 2010). The policy or custom must be the "cause and moving force behind the deprivation of constitutional rights." *Bisbal–Ramos*, 467 F.3d at 24.

After reviewing the Complaint in this case and the evidence submitted for purposes of summary judgment, it is clear that Mr. Koolen does not allege that an unlawful policy or practice caused the alleged violations of his constitutional rights. Mr. Koolen has failed to show on the developed summary judgment record that the Town established a well-settled and widespread policy or custom that led to his alleged damages. Mr. Koolen does argue that the Harbormaster and police officers acted arbitrarily with regard to his property, harkening to liability under a

*respondeat superior* theory, but the developed record fails to attribute any of their alleged misconduct to a Town government policy or custom and practice. *Freeman v. Town of Hudson*, 714 F.3d 29, 38 (1st Cir. 2013). Because a municipality cannot be held liable under a *respondeat superior* theory (*Monell*, 436 U.S. at 691) and Mr. Koolen has failed to present to the Court any disputed material issues of fact on whether a Town policy or custom caused his injuries, the Court GRANTS the Town's Motion for Summary Judgment of Counts I, II, and III.

Mr. Koolen's state law claims for invasion of privacy and trespass and conversion (Counts IV and V) suffer a similar result. Mr. Koolen's invasion of privacy claim fails because the cause of action does not extend to public officials who have a legitimate reason to be on the property for official business. *Swerdlick v. Koch*, 721 A.2d 849, 856 (R.I. 198). Likewise Mr. Koolen's trespass and conversion claims fail because if one is legally privileged to take an act that otherwise would be a trespass or conversion, then no action can lie. See, e.g., *Ferreira v. Strack*, 652 A.2d 965, 969 (R.I. 1995).

In this case, the Town police and Town harbormaster were on the adjacent property[2] and on the docks placed there illegally. These Town officials were legitimately entitled to take the action they did in light of Mr. Koolen's actions, his refusal to comply with prior regulator and court orders, and the emergency situation created because he failed to comply with the prior lawful order from the state and town regulators. Mr. Koolen was fully informed of his rights and obligations and of the Town's position regarding his docks and boats in the Kickemuit River. His decisions to ignore the Town's communications, based on his steadfast belief that he was in the right, but resulting in the removal of his property, do not provide a basis for this lawsuit.

---

[2] The property is owned by the Warren Housing Authority.

## V. CONCLUSION

Based on the analysis above, this Court finds that there are no material issues of disputed fact and that the Town is entitled to judgment as a matter of law. Therefore, the Town's Motion for Summary Judgment (ECF No. 41) is GRANTED. Judgment shall enter for the Defendant.

IT IS SO ORDERED:

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge

July 21, 2014